517 P.2d 1310

**GRANITE NATIONAL BANK, Plaintiff,**

v.

**The STATE TAX COMMISSION of Utah,
Defendant.**

**No. 13391.**

Supreme Court of Utah.

Jan. 3, 1974.

David E. Salisbury and Dwight B. Williams, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Gregory D. Farley, Asst. Attys. Gen., Salt Lake City, for defendant.

TUCKETT, Justice:

This is an original proceeding to review a decision of the Tax Commission assessing a deficiency against the plaintiff for corporation franchise taxes for the year 1971. The matter was heard by the Commission on March 28, 1973, and thereafter a decision was made sustaining the franchise tax deficiency against the plaintiff.

The plaintiff was chartered in 1963 as a national banking association under the

laws of the United States. The plaintiff conducted a banking business through December 31, 1971, when the plaintiff terminated its business, distributed all of its assets in complete liquidation and surrendered its banking charter. For each of the years beginning with 1963 and ending with the year 1970, plaintiff filed its franchise tax returns and paid its taxes on a current yearly basis. The plaintiff did not file a tax return for 1971, nor has it paid the tax on the income earned during that year. It was the plaintiff's contention before the Tax Commission that it was not obligated to pay the franchise taxes for that year since the plaintiff ceased to exist prior to the end of that year. The plaintiff makes the same claim here.

Prior acts of Congress have granted to the states the right to tax national banks on the shares of national banking associations located within the limits of the states. The pertinent parts of R.S. 5219, 12 U.S. C., Section 548, read as follows:

> The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several States may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with:

> 1. (a) The imposition by any State of any one of the above four forms of taxation shall be in lieu of the others, except as hereinafter provided in subdivision (c) of this clause.

> \*   \*   \*   \*   \*   \*

> (c) In case of a tax on or according to or measured by the net income of an association, the taxing State may, except in case of a tax on net income, include the entire net income received from all sources, but the rate shall not be higher than the rate assessed upon other financial corporations nor higher than the highest of the rates assessed by the taxing State upon mercantile, manufacturing, and business corporations doing business within its limits: . . .

The pertinent provisions of the Utah Code Annotated, 1953, which were in effect at the time plaintiff ceased doing business are as follows:

> 59-13-2. Rate and base of tax—As to national banks.—Every national bank or national banking association located within this state shall annually pay to the state a tax equal to six per cent of its net income for the next preceding taxable year, computed and allocated to this state in the manner hereinafter provided.

> The state is hereby adopting the method numbered (4) authorized by the act

of March 25, 1926, amending section 5219 of the Revised Statutes of the United States.

59–13–3. State Banks and other corporations—Minimum tax.—Every bank or corporation, other than a national bank and corporation exempted in section 59–13–4, for the privilege of exercising its corporate franchise or for the privilege of doing business in the state, shall annually pay to the state a tax equal to four per cent of its net income for the preceding taxable year computed and allocated to this state in the manner hereinafter provided, . . . but in no case shall the tax be less than $10; . . . .

At the time plaintiff wound up its affairs and surrendered its charter there were in effect certain regulations which had been adopted by the Tax Commission which dealt with corporation franchise taxes. The pertinent regulations are as follows:

5. In general, the franchise tax accrues on the first day following the close of its "taxable year" against each corporation which appears on the records of the Secretary of State as incorporated or qualified in Utah as of that date, and against each unqualified corporation which was doing business in Utah during any part of such "taxable year."

6. As to (1) national banks (all returns) and (2) corporations commencing to do business in Utah, or newly incorporated or qualified in this state (for the period covered by the "first return"), the Utah franchise tax is an excise for the privilege of doing business in the state for the period covered by the return, and accordingly accrues as of the last day of the "taxable year" as defined above.

It is the plaintiff's contention here that the practical effect of the Tax Commission's application of the above referred to statutes and regulations resulted in a discrimination against the plaintiff as a national bank. It is true that the act of Congress above referred to permits the states to tax national banks or their shareholders but at a rate not higher than the rate assessed upon other financial corporations nor higher than the highest of the rates assessed by the taxing state upon mercantile, manufacturing, and business corporations doing business within its limits.

We are of the opinion that the tax assessed by the defendant against the plaintiff was not in practical effect so discriminatory as to violate the provisions of the federal statute.[1] Had the plaintiff been a state-chartered banking institution, the franchise taxes for the year 1971 would have been due and payable at the begin-

[1]. Tradesmens Nat. Bank v. Oklahoma Tax Com., 309 U.S. 560, 60 S.Ct. 688, 84 L.Ed. 947; Michigan Nat. Bank v. Michigan, 365 U.S. 467, 81 S.Ct. 659, 5 L.Ed.2d 710.

ning of the tax year rather than at its end. The tax assessed under the statute is in effect an income tax, and the fact that it becomes payable at the end of the tax year rather than becoming due and payable in advance at the beginning of the year is not discriminatory. A state bank which was in existence the same period of time as the plaintiff and whose net income was the same would pay during its existence substantially the same amount of franchise taxes as would a national bank.

We conclude that the tax assessed by the defendant is not discriminatory, and the decision of the defendant is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.